**FILED**
**Oct 31, 2019**
**12:02 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **TRACIE HARDY,** | ) | **Docket No. 2019-08-0120** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HERSHEY CO.,** | ) | **State File No. 7237 2019** |
| **Employer,** | ) | |
| **and** | ) | |
| **XL INSURANCE AMERICA, INC.,** | ) | **Judge Amber Luttrell** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This Court heard Hershey's Motion for Summary Judgment on October 16, 2019, and for the reasons below holds it is entitled to summary judgment.

### Procedural History

Ms. Hardy alleged she suffered a respiratory illness diagnosed as asthma and chronic obstructive pulmonary disease (COPD) from her work exposure to chemicals, mold, and asbestos. This is her second workers' compensation claim for the same condition.

In 2017, Ms. Hardy filed a Petition for Benefit Determination for Settlement Approval Only alleging an October 2, 2016 injury date, which this Court approved on May 18, 2017. On January 30, 2019, Ms. Hardy filed a second Petition for Benefit Determination seeking benefits for COPD but alleged an injury date of September 7, 2016. Hershey denied the claim and asserted multiple defenses, including accord and satisfaction and res judicata.

Following an expedited hearing, the Court found that Hershey offered sufficient evidence to satisfy its accord and satisfaction defense and to establish that res judicata barred Ms. Hardy's claim. Based on those findings, the Court held Ms. Hardy was not likely to prevail at a hearing on the merits in her claim for workers' compensation

1

benefits.

Hershey later filed this Motion for Summary Judgment. In response, Ms. Hardy filed numerous documents, which she captioned as follows:

- "Pro Se Employee's Opposition of Employer's Motion for Summary Judgment with Factual Statements of Undisputed Facts In Support of Opposition"
- "Factual Findings of Facts and Conclusions to Deny Employer Summary Judgment Request"
- "Factual Findings and Valid Conclusions to Deny Employer/Carrier Summary Judgment Request."

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

As the moving party, Hershey must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Hardy's claim, or (2) demonstrate that Ms. Hardy's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Hershey is successful in meeting this burden, Ms. Hardy must then establish that the record contains specific facts upon which the Court could rule in her favor. *Rye*, at 265.

In addition to these requirements, Rule 56.03 provides specific filing requirements for both Hershey and Ms. Hardy. Hershey must file a statement of undisputed material facts with its motion, ensuring that each fact is accompanied by a citation to the record. Likewise, Ms. Hardy must respond to this statement of undisputed facts, indicating she agrees the fact is undisputed or demonstrating that the fact is disputed by providing a citation the record. *Id.*

Hershey filed a Statement of Undisputed Facts containing thirteen statements with citations to the record in compliance with Rule 56.03.

Ms. Hardy's response captioned "Pro Se Employee Opposition of Employer's Motion for Summary Judgment with Factual Statements of Undisputed Facts in Support of Opposition" listed twenty-one numbered statements followed by some additional statements numbered one through eleven. Ms. Hardy's two other filings did not contain any numbered statements. Instead, those responses contained argument, allegations, case

law citations, and various exhibits introduced at the expedited hearing or excluded from evidence at the expedited hearing on hearsay grounds.

The Court considers Ms. Hardy's twenty-one numbered statements in "Pro Se Employee Opposition of Employer's Motion for Summary Judgment with Factual Statements of Undisputed Fats in Support of Opposition" as her response to Hershey's Statement of Undisputed Facts. Upon review, the Court finds Ms. Hardy agrees with Hershey's statement number one to the extent that she was employed by Hershey. Ms. Hardy also appears to agree with Hershey's statement number three that she was previously represented by attorney Monica Rejaei. The Court finds the additional statements Ms. Hardy provided in numbers one and three contain no citation to the record and are not material to the issue before the Court on summary judgment.

As for the remainder of Ms. Hardy's twenty-one responses, the Court finds the statements do not respond to Hershey's statements of undisputed facts as required under Rule 56.03. Instead, the statements are Ms. Hardy's arguments or allegations of fact without citations to the record. Our Appeals Board has stated, "The requirements of Rule 56 are not mere suggestions. The use of the words 'must' and 'shall' in Rule 56.03 to describe the necessary elements of a motion for summary judgment and any response thereto are plain and unambiguous." *Thomas v. Zipp Express*, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 (Mar. 15, 2017). Because Ms. Hardy failed to properly respond to the statements, the Court considers Hershey's thirteen facts undisputed and turns to whether summary judgment is "appropriate" under Rule 56.

The Court finds Hershey affirmatively negated an essential element of Ms. Hardy's claim because the doctrines of accord and satisfaction and res judicata bar Ms. Hardy's cause of action.

In support of this finding, the undisputed facts show that on May 4, 2017, Ms. Hardy, through counsel, filed a Petition for Benefit Determination Settlement Approval Only concerning an alleged date of injury of October 2, 2016. She alleged she suffered asthma and pulmonary problems caused by her employment at Hershey. Dr. Suzette Panton diagnosed Ms. Hardy with COPD in 2016. Following the diagnosis, Ms. Hardy's attorney sent Dr. Panton a causation letter, to which Dr. Panton responded "no" when asked if Ms. Hardy's COPD arose primarily out of and in the course and scope of her employment. Dr. Panton's causation opinion prompted Ms. Hardy to enter into a settlement agreement with Hershey on a doubtful and disputed basis, and as part of the settlement, Hershey paid Ms. Hardy $6,000.

The undisputed facts further indicate that following an approval hearing attended by Ms. Hardy and her counsel, this Court approved the settlement on May 18, 2017, finding that Ms. Hardy reached a compromised settlement of her doubtful and disputed claim that was in her best interest. Hershey then tendered to Ms. Hardy a $6,000 check as

3

"satisfaction and extinction" of Ms. Hardy's claim for workers' compensation benefits. Ms. Hardy received the settlement proceeds of $6,000 less the amounts deducted by her attorney under the terms of representation between Ms. Hardy and her counsel. Ms. Hardy further signed Hershey's Release of Workers' Compensation Claim and released and waived all claims against Hershey for workers' compensation benefits relative to her COPD and asthma condition.

On January 30, 2019, Ms. Hardy, now self-represented, filed a second Petition for Benefit Determination claiming her COPD was work-related and listing a September 7, 2016 date of injury.

At the hearing, Hershey correctly noted that the doctrine of accord and satisfaction is governed by Tennessee Code Annotated section 47-3-311 (2018). The statute provides:

(a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(b) . . . [T]he claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

Hershey argued that the undisputed facts establish the defense of accord and satisfaction, so Ms. Hardy must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in his favor[.]" *Rye,* at 265. Further, she must do more than simply offer hypothetical evidence; she must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of his workers' compensation claim. *Id.*

Here, Ms. Hardy produced no material facts with citations to the record to lead the Court to find in her favor. Instead, she noted inaccuracies or typographical errors on the Statistical Data Form (SD1) or other documents filed with the 2017 settlement documents; she argued that her condition was caused by her work; she argued she was mistreated by Hershey; and she expressed dissatisfaction with the attorney who represented her in the settlement. She further argued that the October 2, 2016 date of injury listed in her settlement documents was incorrect because she stated Dr. Panton verbally informed her of her COPD diagnosis one month earlier, on September 7, 2016.

The Court holds Hershey proved the affirmative defense of accord and satisfaction. Without restating the undisputed facts, the Court finds they complied with the requirements of section (a) of the statute and that Ms. Hardy's execution of Hershey's

Release of Workers' Compensation Claim served as the "conspicuous statement" under section (b) that the $6,000 was paid as full satisfaction of her claim.

Further, the Court holds the undisputed facts established Ms. Hardy's claim is also barred by res judicata, which the Appeals Board explained as follows:

> The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Courts rely on this doctrine to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits. The doctrine is grounded in public policy which requires an eventual end to litigation. Indeed, the doctrine has been described as a "rule of rest."

*Johnson v. Pilgrim's Pride, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 18, at *3-4 (Feb. 13, 2017) (internal citations omitted).

Here, the Court finds its May 18, 2017 Order Approving Workers' Compensation Settlement Agreement was a final order that fully resolved Ms. Hardy's original claim, and both Hershey and Ms. Hardy were parties to that suit. In the present case, it is undisputed that Ms. Hardy asserted the same claim—that her COPD diagnosed in 2016 arose out of her employment at Hershey. Thus, the Court holds Hershey negated an essential element of Ms. Hardy's claim based on the doctrine of res judicata and is entitled to judgment as a matter of law.

For these reasons, Hershey's Motion for Summary Judgment is **granted,** and Ms. Hardy's claim is dismissed with prejudice.

The costs of this case are taxed to Hershey under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August 2019), to be paid to the Court Clerk within five business days of this order becoming final. Hershey shall prepare and submit an SD-2 within ten days of the date of this order. Absent appeal, this order shall become final thirty days after entry.

**IT IS ORDERED.**

**ENTERED October 31, 2019.**

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

5

APPENDIX

Exhibits
1. Employer's Motion for Summary Judgment
2. Employer's Memorandum of Law in Support of Summary Judgment
3. Employer's Statement of Undisputed Facts in Support of Summary Judgment
4. Pro Se Employee's Opposition of Employer's Motion for Summary Judgment with Factual Statements of Undisputed Facts in Support of Opposition
5. Employee's Factual Findings of Facts and Conclusions to Deny Employer Summary Judgment Request
6. Employee's Factual Findings and Valid Conclusions to Deny Employer/Carrier Summary Judgment Request

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 31 , 2019.

| Name | USPS | Email | Service sent to: |
|---|---|---|---|
| Tracie Hardy, Employee | X | X | traciehardy49@gmail.com<br>5264 Millbranch Rd., Memphis, TN 38116 |
| Matthew Macaw, Esq., Stephen Miller, Esq., Employer's Attorneys | | X | smiller@mckuhn.com<br>mmacaw@mckuhn.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

6



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month    Telephone       $ _____ per month

Electricity       $ _____ per month    School Supplies $ _____ per month

Water             $ _____ per month    Clothing        $ _____ per month

Gas               $ _____ per month    Child Care      $ _____ per month

Transportation    $ _____ per month    Child Support   $ _____ per month

Car               $ _____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____



## COMPENSATION HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____ day of_____ , 20___ .

[Signature of appellant or attorney for appellant]   _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf